IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-01237-PX |
| PERCY ESCOTO, *et al.* | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

Pending in this insurance coverage action is Defendant Percy Escoto's motion to dismiss and Plaintiff's motion to appoint a guardian *ad litem* for the minor Defendants. ECF Nos. 28, 32, 36. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court denies the motion to dismiss the Amended Complaint (ECF No. 32), and grants the motion to appoint a guardian *ad litem* for the three minor defendants (ECF No. 36).

**I.     Factual Background[1]**

In 2012, Sergio Escoto purchased from Plaintiff Northwestern Mutual Life Insurance Company ("NML") a million-dollar life insurance policy. ECF No. 30 ¶ 10. Shanell Escoto, Sergio's then wife, had been named direct beneficiary of the policy. *Id.* However, on October 30, 2015, Sergio submitted a change of beneficiary form naming Sergio's father, Percy Escoto, and Sergio's three minor children D.E., T.E., and T.H. as direct beneficiaries in lieu of Shanell.

---

[1] NML amended its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Accordingly, the Court construes the averred facts in the Amended Complaint as true and most favorably to Plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The Court also denies as moot Defendant Escoto's motion to dismiss the original Complaint. ECF No. 28.

*Id.* ¶ 13.

Sergio had not properly completed this change of beneficiary form, so his financial representative had Sergio resubmit a new completed form the following day. *Id.* ¶ 14.  In the new form, Sergio listed only his father as a direct beneficiary but also checked the box instructing NML "to include all children of the Insured as direct beneficiaries without naming them or to add to the direct beneficiaries named." *Id.* Sergio, however, also listed his children as *contingent* beneficiaries of the policy. *Id.*  Under the policy terms, direct beneficiaries were to receive equal shares of the insurance proceeds while contingent beneficiaries would receive funds only if no direct beneficiary survived the insured. *Id.* ¶ 19.

Sergio died on July 4, 2016. *Id.* ¶ 15.  NML, in turn, paid Percy Escoto, as the only direct beneficiary under the policy, the entirety of the policy proceeds totaling $988,488.95 after funeral expenses. *Id.* ¶¶ 20-21.  On July 7, 2017, Shanell Escoto contacted NML, insisting that NML erred in its disbursement of the policy. *Id.* ¶ 22.  She also complained to the Maryland Insurance Administration later that year, which prompted NML to investigate the matter. *Id.* ¶¶ 22-23.

NML ultimately concluded that, in addition to Percy, Sergio's three children were also direct beneficiaries under the policy. *Id.* ¶ 24.  Accordingly, NML now believes the policy benefits should have been distributed to Percy and the children in four equal shares.

To correct this error, NML first requested of Shanell the names and dates of birth for each minor child to facilitate payment. *Id.* ¶¶ 26-28.  NML has yet to this receive this information. *Id.* ¶ 29.  NML next requested that Percy Escoto refund the children's shares issued to him in error. *Id.* ¶ 25.  Percy Escoto conveyed that he did not wish to discuss the matter and did not return the funds. *Id.* ¶ 30.

Consequently, NML seeks a declaration from this Court naming the children as lawful direct beneficiaries of the policy (Count I). *Id.* ¶¶ 31-33. NML also seeks to disgorge the funds from Percy Escoto by way of an unjust enrichment claim (Count II) should NML prevail on Count I. *Id.* ¶¶ 34-35. Defendant moves to dismiss the Amended Complaint, contending that NML lacks standing to bring either claim. ECF No. 32.

## II.   Standard of Review

Whether a party retains standing to bring a claim pursuant to Article III of the United States Constitution implicates the Court's subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(b)(1); *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005); *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 661–62 (4th Cir. 1998). Subject matter jurisdiction concerns this Court's "very power to hear the case." *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999). Accordingly, questions of standing must be resolved prior to any decision on the merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

When reviewing whether the Court retains subject matter jurisdiction pursuant to Rule 12(b)(1), the Court takes the factual allegations in the complaint as true, and if sufficient to invoke subject matter jurisdiction, the motion must be denied. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see also Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018). Stated differently, dismissal is warranted only where "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins,*

---

[2] While Percy Escoto characterizes his motion as one to dismiss the claims under Rule 12(b)(6), the motion is more aptly construed as a challenge to subject matter jurisdiction under Rule 12(b)(1). *Pye v. United States,* 269 F.3d 459, 466 (4th Cir. 2001); *Miller v. Pacific Shore,* 224 F. Supp. 2d 977, 994 (D. Md. 2002); *see also Pitt Cty. v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009) (noting that the district court recharacterized a defendant's challenge to standing from a motion to dismiss for failure to state a claim under Rule 12(b)(6) to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)).

*Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

### III. Analysis

#### A. Standing

A plaintiff has standing where it has sustained an injury in fact, fairly traceable to the defendant's conduct, and likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 252 (4th Cir. 2020). NML bears the burden of demonstrating that it retains standing for each claim and for the relief sought. *Town of Chester v. Laroe Estate, Inc.*, 137 S.Ct. 1645, 1650 (2017) (internal quotation marks omitted). NML has carried that burden as to both claims.

On the declaratory relief count, NML may seek such relief where "substantial controversy" exists "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Miller v. Augusta Mut. Ins. Co.*, 157 F. App'x 632, 637 (4th Cir. 2005) (citing *White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990)) (incorporating standing analysis into the declaratory judgment's "case and controversy" analysis). In this circumstance, a Court generally may "declare the rights and other legal relations of any interested party." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 n.3 (4th Cir. 1994) (citing 28 U.S.C. § 2201); *see also White*, 913 F.2d at 167; *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (the "actual controversy" requirement is synonymous with the Article III requirements). Indeed, insurance carriers often seek declaratory relief to clarify its coverage obligations, provided it can establish an actual "case or controversy" and a sufficiently imminent injury. *See Maryland Cas. Co.* 312 U.S. at 274 (finding declaratory judgment proper

4

where more than one party asserted coverage under the insurance policy); *Nautilus Ins. Co.*, 15 F.3d at 375 (holding that insurer's action for declaratory judgment as to insurance policy's coverage was "case of actual controversy"); *White*, 913 F.2d at 167; *Miller*, 157 F. App'x at 637; *see also Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1224, 1229 n.5 (E.D. Va. 2011) (declaratory relief appropriate to determine insurer's coverage obligations).

NML retains standing to seek such relief here. NML disbursed policy proceeds in error, thus creating a live dispute over whether Sergio's children are properly construed as direct beneficiaries entitled to their share of benefits under the policy. ECF No. 30 ¶¶ 21, 22, 24; *see White*, 913 F.2d at 167 (the controversy must be "real and substantial"). NML seeks a declaration as to coverage so to avoid the specter of double liability. ECF No. 30 ¶¶ 22, 24; *see also Morris v. Prudential Ins. Co. of America*, No. DKC 12–1946, 2013 WL 2370513, at *5 (D. Md. May 30, 2013) ("[T]he insurer needed to show a real and reasonable fear of double liability or vexatious, conflicting claims."). NML, therefore, retains standing as to Count I.

Similarly, NML may bring an unjust enrichment claim against Percy Escoto. If, as NML contends, it has overpaid Percy in error and must pay again to the three minor children, then NML has suffered injury as a result. ECF No. 30 ¶ 24; *see Maryland Cas. Co*, 312 U.S. at 274; *Morris*, 2013 WL 2370513, at *5. Proceeding against a reluctant Percy on an unjust enrichment theory is precisely the manner in which NML may disgorge his ill-gotten gains and avoid double liability. *See Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 534 (D. Md. 2016) (a showing of standing requires connecting the cause of action to a concrete harm). Defendant's motion to dismiss Count II is therefore denied.

**IV.   Motion to Appoint Guardian ad Litem**

NML also seeks appointment of a guardian *ad litem* for the three minor children pursuant

to Rule 17(c) of the Federal Rules of Civil Procedure.  ECF No. 36; *see* Fed. R. Civ. P. 17.  Rule 17(c) requires that appointment of a guardian *ad litem* for any unrepresented minor and for the protection of his or her interests.  Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."); *see also Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993) (the appointment of a guardian *ad litem* is within the discretion of the district court).  To further ensure that the minor's interests are adequately protected, entry of any eventual judgment is prohibited unless the minor has been "represented by a general guardian, conservator, or other like fiduciary who has appeared."  Fed. R. Civ. P. 55(b)(2); *see also* Md. Code Ann., Rule 2-202 (if a minor is unrepresented the circuit court "shall appoint" a guardian *ad litem*).

The minor defendants D.E., T.E., and T.H. are currently unrepresented.[3]  The mother and next friend of D.E. and T.E. had been served on July 19, 2019, as has the mother and next friend of minor T.H. on July 10, 2019.  None have answered or otherwise responded.  ECF Nos. 20 & 22.  To ensure the interests of the minor children are advanced so that the case may proceed, the Court grants NML's motion.  Fed. R. Civ. P. 17(c)(2); 55(b)(2).

By not later than two weeks from the date of this opinion an Order, NML must identify a competent proposed guardian *ad litem* for this court's consideration and submit a proposed order for appointment.  The Court will consider the manner of compensation by separate, subsequent, motion.  Fed. R. Civ. P. 54; *see also Kollsman*, 996 F.2d at 705 n.2.

---

[3] The Court recognizes that the appointment of an additional guardian *ad litem* may be necessary should the interests of the minor's require separate representation.  *See* ECF No. 36 at 3; *see also* MD Rules Attorneys, Rule 19-301.7.

Accordingly, it is this 7th day of July 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss (ECF No. 28) the original complaint, filed by Defendant Percy Escoto, BE, and the same hereby IS, DENIED AS MOOT;

2. The Motion to Dismiss (ECF No. 32) the amended complaint, filed by Defendant Percy Escoto, BE, and the same hereby IS, DENIED;

3. The Motion to Appoint a Guardian Ad Litem (ECF No. 36) filed by Plaintiff Northwestern Mutual Life Insurance Company BE, and the same hereby IS, GRANTED;

4. Within two weeks from the date of this opinion and order, Plaintiff Northwestern Mutual Life Insurance Company SHALL file a proposed order identifying a proper guardian *ad litem*;

5. The Clerk is directed to TRANSMIT copies of the foregoing Memorandum Opinion and this Order to the parties.

7/7/2020  
Date

/S/  
Paula Xinis  
United States District Judge